# SETH WADHAMS *et al.*

*v.*

# LUCY C. FLAGLER GAY.

REVERSAL—*practice when cause is remanded with directions.* Where a chancery cause is decided in this court upon the merits, the opinion finding that there is no equity in complainant's bill, and the cause is remanded for further proceedings in conformity with the opinion, it is the duty of that court to dismiss the bill for want of equity, and it is error to allow the complainant to dismiss it without prejudice.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.

Messrs. AYER & KALES, for appellant Wadhams; Mr. GEORGE HERBERT, and Mr. JOHN S. MILLER, for appellant Engles.

Mr. ARTHUR W. WINDETT, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

After a protracted litigation of near ten years, between the parties to this record, their rights were adjusted on appeal to this court, by an opinion rendered at the September term, 1874, by which it was decided that these appellees had shown no equity in their bill; that the decree which they had obtained against these appellants in the Superior Court of Cook county should be reversed, and the cause remanded to that court for further proceedings in conformity with the opinion of this court. This opinion was filed on January 30, 1875, and on March 22, then next, the mandate and opinion were filed in the Superior Court, and on April 3, following, these appellants moved that court to re-docket the cause and enter a final order therein pursuant to that mandate and opinion. Those proceedings were stayed by an order of this court, at the instance of these appellees, they having filed their petition for a rehearing.

At the September term, 1875, the matters and things in this petition were fully considered by this court, and the rehearing denied, thus settling, finally, the rights of the parties. 73 Ill. 415.

This decision, denying the petition for a rehearing, and vacating the stay order, was filed on the 1st of November, 1875. On November 17, appellants notified appellees that they would, on the transcript and certified copy of the orders of this court, move the Superior Court for an order to reinstate the cause in that court, and would also move that court for such further proceedings therein as should be in conformity with the man-

date and opinion of this court, and demanded judgment and a final decree in conformity thereto.

The consideration of this motion was postponed to December 1, 1875, on which day the court announced it would render a decision on the 6th day of December. The parties appearing by their counsel, on the 6th day of December it was, in consideration of the premises, ordered by the Superior Court that the cause be reinstated in that court, and be proceeded in, in conformity with the mandate and opinion of this court, in manner and form as in that behalf thereby directed.

On motion of appellee's counsel, the appellants objecting, it was ordered by the court, that the cause be dismissed, without prejudice, at their costs, to be paid within fifteen days.

The costs having been paid and exceptions duly taken, an appeal was prayed and allowed to this court.

Appellants make the point, that dismissing the bill, without prejudice, was contrary to the order and mandate of this court. What was the order and mandate of this court? It is, substantially, as follows: The court having diligently examined and inspected the record and proceedings aforesaid, as the matters and things assigned for error, and being now sufficiently advised of and concerning the premises, are of the opinion, that in the record and proceedings aforesaid, and in the decree aforesaid, there is manifest error; therefore, it is considered by the court, that, for that error and others in the record and proceedings aforesaid, the decree of the Superior Court of Cook county in this behalf rendered, be reversed, annulled, set aside and wholly for nothing esteemed, and that this cause be remanded to the Superior Court of Cook county, for further proceedings in conformity with the opinion of the court herein filed, etc.

Here is a peremptory order for such proceedings, and such only, as shall be in conformity with the opinion filed. On the receipt of this mandate it was the duty of the Superior Court to examine the opinion and conform its action to it. An examination of the opinion would have informed the court that the merits of the controversy had been fully considered, that

there had been a decision upon the merits, and the conclusion reached, that the complainants, the appellees here, had no equities, and their claim to relief wholly groundless. The court would have seen that every question raised and argued by the parties to the bill, had been fully met and decided by this court against the complainants. The whole merits were tried, discussed and decided.

On the receipt of the mandate and opinion, the Superior Court was bound to carry into complete effect the decision of this court, not to re-try the cause, or place the complainants, the appellees, in a position by which the cause might be re-tried, as that is the necessary result and effect of an order dismissing the bill without prejudice. It was not competent for the court to grant such an order against the mandate and opinion of this court. In what a lamentable condition would suitors be if the opinions and final orders of this court are to be disregarded by inferior courts. One of the great interests of the public is, that an end shall be put to litigation, and when a case has received full consideration in this court, and the merits fully explored, discussed and settled, and the cause remanded for further proceedings in conformity to the expressed views and opinion of this court, there can be no power remaining, in the court to which the opinion and mandate are sent, to re-try the cause or do any other matter or thing in the cause, but to obey the mandate. The opinion of this court was on the merits—they had been declared, by this court, against the complainants. The mandate required of the Superior Court the execution of the decree of this court, not a re-trial of the cause or the entry of any order which might have that effect, and which, unquestionably, was the design of the party asking such an order. The authorities are clear on this point. *Skillern's Exrs.* v. *May's Exrs.* 6 Cranch, 267, decided by the Supreme Court of the United States so early as 1810, is directly on this question, and subsequent cases harmonize with it. *Ex parte Story*, 12 Peters, 339; *Ex parte Jibbers*, 12 ib. 488; *West* v. *Brashear*, 14 ib. 52; *United States* v. *Fremont*, 12 Howard, 30; *Soule* v. *Dawes*, 14 California, 247.

The same is the doctrine of the English courts. *Black* v. *Cobaugh*, 9 Simon, 411; *Gartside* v. *Asherwood*, 2 Dickens, 612. To the same effect are cases in this court. *Boggs* v. *Willard et al.* 70 Ill. 315; *Ogden* v. *Larrabee, Admr.*, ibid. 510.

In the case cited from 6 Cranch, the Supreme Court would not allow a dismissal, although it appeared it was not alleged the circuit court had jurisdiction of the cause.

It is claimed by appellee, under the authority of *Mohler* v. *Wiltberger*, 74 Ill. 163, the complainants, on reversal and remandment, had the right accorded to them by the Superior Court, in this case. The case of *Chickering* v. *Failes*, 29 Ill. 294, is also cited by them as sustaining this position. We have no doubt these cases were correctly decided, but we fail to perceive the influence they or either of them should have on this case, the condition of those records being so different from the one now before this court. In the first cited case, there was no decision of this court affecting the merits or ultimate right of recovery. The case was not in a condition for a final decree on the merits, and the cause was remanded generally. The plaintiff then had a clear right to dismiss his cause without prejudice on payment of costs.

*Chickering* v. *Failes* was decided in 1861, reported 26 Ill. 507. The decree was affirmed in part, and reversed and remanded for further proceedings not inconsistent with the opinion. In the opinion it is said: "Had it appeared that payment (of taxes) was continued after the death of Lee, by the persons holding the color of title inherited or devised to them by Lee, whether as trustees or in their own right, then it would have sufficed. The proof fails to show that fact," etc. The decree is then affirmed as to part of the lands, and reversed as to that portion affected by the tax title claim, and remanded for further proceedings not inconsistent with the opinion.

On the remandment, 29 Ill. 294, the court below allowed an amended answer to be filed by the executor, setting out portions of the will of Lee, and facts touching payment of taxes. On appeal to this court, it was held, the rights of the parties had not been conclusively fixed by the judgment of this court,

and it was regarded as equitable and conducive to justice that the cause should be remanded for further proceedings. The directions were general, thus opening the case. The court say, "if these general directions to the court below limit its power only to act upon the record of the case, as it then existed, under the rules announced in the opinion, then the amendment of the answer and the reception of additional evidence was unwarranted. That the court below is concluded by the legal principles announced by the appellate tribunal, is undeniable."

How different is the case now before us! In the opinion remitted to the Superior Court, certain principles were announced by which the case was governed, the merits having been thoroughly examined and passed upon. That court was directed to proceed in conformity with that opinion. That fixed the rights of the parties then and forever, and the only correct order that court could enter, was an order dismissing the bill for want of equity. It was a specific direction so to do, not a general direction to try the cause again.

Appellees' counsel refers to *Frost* v. *Chittick*, Sept. T. 1875, as supporting his position. We have not the record in that case before us, but our recollection of it is, that the judgment had not been reversed by this court, and remanded, nor had the court below made a final order in the cause, it being retained in order to assess the damages on an injunction bond. The appeal was, in fact, prayed from an interlocutory decree dissolving an injunction. It has no features in common with this case.

The decree of the Superior Court ordering and allowing appellees to dismiss their bill of complaint without prejudice, and refusing to enter an order in the cause dismissing the bill for want of equity, and thus put a final stop to the proceedings, is reversed, and the cause remanded to the Superior Court with directions to dismiss the bill for want of equity therein.

*Decree reversed.*