DOROTHY KAEMMERER *et al.* Appellees, *vs.* MARY V. KAEMMERER, Appellant.

*Opinion filed December 17, 1907.*

1. APPEALS AND ERRORS—*when the Appellate Court's judgment is final—specific directions need not be embodied in judgment.* A judgment of the Appellate Court reversing a decree and remanding the cause "for such other and future proceedings as to law and justice shall appertain," while not final in form is final and appealable in fact, if the opinion of the Appellate Court gives specific directions as to what the decree shall be; and it is not necessary that such directions be embodied in the formal judgment of record.

2. BENEFIT SOCIETIES—*who will take, under act of 1893, where beneficiary dies before member.* Where the beneficiary named in a certificate issued by a benefit society organized under the act of 1893, which limits death benefits to "families, heirs, blood relations," etc., dies before the member, and the latter dies without having changed the beneficiary, the classes of persons named in the statute are entitled to the fund in the order named, in the absence of a by-law applicable to such contingency, and hence if he leaves a family, the members thereof will take the fund in equal shares. (*Baldwin* v. *Begley,* 185 Ill. 180, distinguished.)

3. SAME—*by-laws, as a general rule, are prospective, only.* By-laws of a benefit society are prospective, only, unless the intention to give a by-law retrospective operation so as to affect an existing contract is clear and the right to modify the contract by a subsequent by-law is reserved in the contract itself.

4. SAME—*when by-law does not modify existing contract.* A by-law of a benefit society fixing a method of disposing of benefits if the beneficiary dies and the member fails to designate a new beneficiary does not affect a pre-existing contract of a member, where there is nothing in the by-law indicating that it is to have a retrospective effect and the contract itself does not reserve the right to the society to modify or alter it.

5. SAME—*what provision of certificate does not reserve power to alter or modify the contract.* A provision of a benefit certificate stating that the member is entitled to participate in the fund, "subject to all the conditions of this certificate and fundamental laws of this order, and liable to forfeiture if said member shall not comply with said conditions, laws and such by-laws and rules as are or may be adopted by the head camp of this order from time to time or the local camp of which he is a member," does not reserve to the society the power to alter or modify the contract.

APPEAL, from the Appellate Court for the Fourth District;—heard in that court on appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding.

W. M. VANDEVENTER, for appellant.

M. MILLARD, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On May 3, 1894, the Modern Woodmen of America, a corporation organized under the provisions of the act relating to fraternal beneficiary societies, in force July 1, 1883, issued a benefit certificate to Hartmann Kaemmerer for the sum of $2000, in which his wife, Kate Kaemmerer, was designated as beneficiary. In December, 1895, Kate Kaemmerer died, leaving five children of her marriage with said Hartmann Kaemmerer. In July, 1899, Kaemmerer married Pink A. Mott, with whom he lived for a few months and from whom he was afterwards divorced. On December 31, 1903, he married Mary V. Vail, with whom he lived until October 6, 1904, when he died. Of this marriage one child was born and is now living. After the death of Kate Kaemmerer the name of the beneficiary in the certificate was not changed, and when Hartmann Kaemmerer died his family consisted of the third wife, Mary V. Kaemmerer, the five children of the first marriage and the one child of the third. The widow claimed the fund and it was also claimed by some of the children, whereupon the Modern Woodmen filed in the city court of East St. Louis a bill of interpleader to have the question which of the contending parties was entitled to the fund determined by the court. Pink A. Kaemmerer was defaulted, and upon hearing the court found that she was not entitled to any part of the fund, and that the widow, Mary V. Kaemmerer, was entitled to the whole. An appeal

was taken to the Appellate Court for the Fourth District, and that court decided that the fund was payable to those who constituted the family of Hartmann Kaemmerer at the date of his death, in equal portions. The court, in the opinion filed, gave the names of the children and widow and held that they were entitled to the fund, share and share alike. The decree of the city court was reversed and the cause was remanded for further proceedings not inconsistent with the opinion.

Appellees have made a motion to dismiss the appeal for the reason that the judgment of the Appellate Court is not final. The judgment as entered by the clerk reverses the decree of the city court and remands the cause to that court "for such other and future proceedings as to law and justice shall appertain." In form that judgment is not final, but it would be the duty of the city court, upon the re-instatement of the case, to conform its action to the opinion filed, which gives specific directions what the decree shall be. It is not necessary that the specific direction be embodied in the formal judgment entered of record by the clerk. (*Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 Ill. 30.) By the opinion the Appellate Court directed the fund to be divided equally between certain persons therein named, and the city court could do nothing except to carry into effect the judgment of the Appellate Court by entering a decree in accordance with the opinion. The judgment was therefore appealable, and the motion is overruled.

When the certificate was issued, the act of 1893, providing for the organization and management of fraternal beneficiary societies, (Laws of 1893, p. 130,) was in force, and provided that the payment of death benefits should only be made to the families, heirs, blood relations, affianced husband or affianced wife of, or to persons dependent upon, the member. The by-laws of the society made no provision to whom payment should be made in the event of the death of the beneficiary prior to the death of a member, where the

member failed to designate another beneficiary. The certificate, in connection with the constitution and by-laws of the society, and the statutes of the State in force at that time, constituted the contract between the parties, (*Alexander* v. *Parker,* 144 Ill. 355,) and as there was no provision for such a contingency in the by-laws, the classes of persons named in the statute would be entitled to the fund. The family came first, and its members would be equally entitled to share in the fund.

The appellant claims the fund in controversy by virtue of a by-law adopted seven years after the certificate was issued, which is as follows:

"Sec. 42. *If beneficiary dies, disposition of benefits.*—In the event of the death of a beneficiary prior to the death of a member, and upon failure of such member to designate another beneficiary, then the amount to be paid under the benefit certificate shall be payable to the other surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the wife of such neighbor if she survive him, and in case he has no surviving wife, to his legal heirs."

The general rule is, that by-laws are prospective, only, in their operation, and relate only to contracts subsequently entered into. (*Benton* v. *Brotherhood of Railroad Brakemen,* 146 Ill. 570.) The intention to give a by-law a retrospective operation so as to affect an existing contract must be clear, and the right to modify a contract by a subsequent by-law must be reserved in the contract itself. It is claimed by the appellant that this by-law was intended to operate retrospectively, and might lawfully have such operation by reason of the provision contained in the certificate that the member was entitled to participate in the fund, "subject to all the conditions of this certificate and fundamental laws of this order, and liable to forfeiture if said member shall not comply with said conditions, laws, and such by-laws and rules as are or may be adopted by the head camp of this order from time to time, or the local camp of which he is a

member." A party cannot claim a right to have his contract remain unaltered when the contract itself provides that it may be modified; (*Baldwin* v. *Begley,* 185 Ill. 180;) but there is nothing in section 42 indicating an intention that it shall apply to contracts previously entered into or operate otherwise than prospectively. The provision of the certificate evidently was meant only to require compliance by the member with the conditions of his certificate and the laws and by-laws of the society, and did not include power to alter or modify the contract. In the case of *Baldwin* v. *Begley, supra,* the member attempted to designate a beneficiary not eligible under the by-laws, and the decision in that case has no force in this one. There being no beneficiary designated after the death of the first wife, we are of the opinion that the conclusion of the Appellate Court was right, and that the persons who constituted a family of the member at the time of his death are entitled to the fund in equal shares.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*