### Robert A. Pritchard et al., v. Arthur W. Fruit et al. Eliza Van Ordstrand et al., Appellees, v. Arthur W. Fruit et al., Appellants.

1. APPEAL AND ERROR, § 1820*—*what is duty of trial court on remand with directions to modify decree.* On remand, it is the duty of the trial court to modify a decree as directed by the opinion of the Appellate Court, and in no other manner.

2. APPEAL AND ERROR, § 1820*—*what modification of decree. on remand with directions error.* Where a decree was affirmed in all respects except in so far as it directed the payment of any sum out of the funds in the hands of trustees, as to which it was reversed with directions to modify the decree eliminating the provision, it was error for the trial court upon remand to change or modify the amount found due in the original decree by recasting the interest by computing it at a larger rate.

Appeal from the Circuit Court of De Witt county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the October term, 1918. Reversed in part and remanded with directions. Opinion filed July 9, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

McDavid & Monroe, for appellants.

Leonard W. Ingham and Herrick & Herrick, for appellees.

Mr. Justice Eldredge delivered the opinion of the court.

This cause was before us before in the case of *Pritchard v. Fruit*, 208 Ill. App. 77. The facts and the issues are fully set out in the opinion rendered on that appeal and need not be restated here. By the judgment of this court on the former appeal, the decree was affirmed in all things except in one respect, as to which it was reversed and the cause remanded. When the case was redocketed in the trial court, the court recast the interest on the amount due under the mortgage, computing the same at the rate of 7 per cent, the same being the rate of interest on said notes to the time of the entry of the second decree, and it is urged by appellant that that part of the first decree, finding the amount due upon the mortgages, having been affirmed by this court, the trial court had no right upon the remandment of the cause to change or modify the amount found due in the original decree and that interest should only have been computed thereon at the legal rate of 5 per cent. The original decree was affirmed in all respects except in so far as it directed the payment of any sum out of the funds in the hands of the trustees to Caruthers, as to which it was reversed with directions to modify the decree by eliminating that provision thereof. It was the duty of the trial court to modify the decree as directed by the opinion of this court and in no other manner. *Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co.*, 119 Ill. 30; *Wadhams v. Gay*, 83 Ill. 250. The trial court must be guided by the opinion of this court in making the modifications of the decree directed and cannot readjudicate the questions involved in that

part of the decree which was affirmed. *Blackaby v. Blackaby,* 189 Ill. 342; *Union Nat. Bank of Chicago v. Hines,* 187 Ill. 109; *Kaemmerer v. Kaemmerer,* 231 Ill. 154. The modification of the decree in the respect mentioned was improper, and as to such modification the decree is reversed, but in all other respects it is affirmed.

The cause is remanded with directions to modify the original decree in conformity with the former opinion filed herein and with this opinion.

*Reversed in part and remanded with directions.*