# Dora Wolkau, Appellant, v. Fred Wolkau, Appellee.

1. JUDGMENT, § 252*—*when decrees may be amended or altered.* Matters determined by the circuit court in a decree and not appealed from or reversed or altered by the Appellate Court on an appeal involving other phases of the decree pass beyond the circuit court's power to alter or set aside with the ending of the term of that court at which the decree was entered and become *res adjudicata* as to the parties to the suit.

2. APPEAL AND ERROR, § 1725*—*what is effect of decision on former appeal.* Whatever is determined by the Appellate Court on a former appeal in the cause is *res adjudicata* and the law of the case and is binding on the parties, the circuit court and the Appellate Court for all time.

3. APPEAL AND ERROR, § 1820*—*what is duty of lower court when case is remanded.* Where a decree of the circuit court is reversed by the Appellate Court and is remanded with specific directions and the parties do not seek to have such order reviewed by the Supreme Court, it is the unequivocal duty of the circuit court to follow the Appellate Court's mandate and specific directions in the cause, and it cannot readjust any part of its former decree or any part of the pleadings or findings upon which its decree was based except in conformity with the specific directions of the Appellate Court.

4. APPEAL AND ERROR, § 1820*—*when filing of amended pleading on remand of case is error.* Where, on an appeal from a decree of the circuit court on a suit for an accounting, the Appellate Court found that complainant was entitled to an accounting, under the bill as filed, for a specified period and remanded the cause with directions to cause that account to be stated, it is error for the circuit court to permit defendant to change the issues by filing an amended answer.

5. COURTS, § 140*—*what is effect of transfer to equity side of court.* Transferring a case from the common law to the chancery side of the docket is not the commencement of a new suit.

6. INTEREST, § 52*—*how computed when suit for accounting is transferred while pending.* Where the decree in a suit for an accounting, which had been commenced on the common-law side of the court but was afterwards transferred to the chancery side, provides for interest on the amount found for complainant from the date the suit was commenced, the interest should be reckoned

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the date of the commencement of the common-law action, not from the date the suit was transferred.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1919. Reversed and remanded with directions. Opinion filed April 27, 1920.

LIVINGSTON & WHITMORE, for appellant.

M. A. BRENNAN, H. M. MURRAY and BARRY & MORRISSEY, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

Appellant began this suit in the circuit court of McLean county in the first part of December, 1913, against appellee for an accounting of rents said to have been received and retained by appellee during a period of approximately 25 years then last past, from certain real estate owned by the parties as tenants in common. Appellee demurred to so much of the bill as asked for an accounting for the time more than 5 years next before the suit was commenced on the grounds the bill showed on its face that the statute of limitations had run against that part of the claim. The demurrer was sustained to that part of the bill. Appellant elected to stand by her bill and the part demurred to was dismissed for want of equity. Appellee then answered the part of the bill seeking an accounting for such rents as had been received during the 5 years next before the suit was commenced, in which answer he admits that he and appellant were and had been since December 4, 1908, owners of the property in question as tenants in common; that he received and retained during the 5 years next before this suit was commenced $9,519.84 of rents of the property in question and that appellant was entitled to one-half of that amount or $4,759.92. On

the showing made in that answer a decree was entered requiring appellee to pay to appellant $5,859.09, which amount represented appellant's share of the rents for the 5-year period covered by the answer with accrued interest. Appellant appealed to this court from that part of the decree by which the demurrer was sustained. This court held that the statute of limitations did not run against the claim of appellant for rents received by appellee during the period preceding the 5 years next before the commencement of this suit; that the circuit court erred in sustaining the demurrer and in dismissing that part of said bill for want of equity, and that appellant was entitled to an accounting for rents received by appellee for the said time, and reversed so much of the decree and remanded the cause to that court "with directions to overrule the demurrer and order an accounting between the parties as prayed for in the bill from the time the cotenancy was created to the institution of this suit." See *Wolkau v. Wolkau*, 202 Ill. App. 387. The only question considered by this court on that appeal or presented for consideration was whether appellant was barred by the statute of limitations from having an accounting for the period beginning with the time when the parties became tenants in common and ending with the time covered by the answer of appellee on which the decree was based requiring appellee to pay appellant the sum of $5,859.09. The correctness of the accounting made in said answer for that period, or of the amount found due from appellee to appellant for that period, was in no way questioned in or altered by this court on that appeal. The original decree stood in that respect unaltered by the remanding order of this court on that appeal.

Whatever was determined by the circuit court in its former decree and not appealed from or reversed or altered by this court on the former appeal passed beyond the power of the circuit court to alter or set

aside with the ending of the term of that court at which the decree embodying it was entered and became *res adjudicata* as to the parties to this suit.

Whatever was determined by this court on the former appeal of this case is *res adjudicata* and the law of this case, and is binding on the parties, the circuit court and this court in this case for all time. *Union Nat. Bank of Chicago v. Hines*, 187 Ill. 109; *Baum v. Hartmann*, 238 Ill. 519. The part of the decree appealed from was by this court reversed and the cause was remanded to the circuit court with specific directions which made it a final order that could have then been reviewed by the Supreme Court, but neither of the parties saw fit to have it so reviewed and it is now too late for them to do so. It was the unequivocal duty of the circuit court when this case was redocketed in that court to follow the mandate of this court and the specific directions given to it in the opinion of this court then handed down. *Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co.*, 119 Ill. 30. *Wadhams v. Gay*, 83 Ill. 250; *Pritchard v. Fruit*, 214 Ill. App. 340. That court had then no right to readjust any part of the former decree or any part of the pleadings or findings upon which that former decree was based except in conformity with the specific directions of this court. *People v. Waite*, 243 Ill. 156; *Spring Lake Drainage & Levee Dist. v. Stead*, 263 Ill. 247. It was the duty of the circuit court to examine the opinion of this court and proceed in conformity with it. *Pittsburgh, C., C. & St. L. Ry. Co. v. Gage*, 286 Ill. 213.

When this case was redocketed the circuit court, pursuant to the directions of this court, overruled appellee's demurrer to the bill and ordered him to further answer the bill, that is, to answer that part of the bill to which his former answer did not apply. Such further answer was filed and the cause was referred to the master in chancery to take proof and

state an account. This he did and found and reported that appellee owed appellant $22,039.32. Both parties filed exceptions to this report, but before the same was disposed of and at a subsequent term of the court a motion by appellee for leave to file. an amended answer and re-refer the cause to the master in chancery was allowed over the detailed and specific objections and protest in writing filed and urged by appellant. Pursuant to such leave appellee filed an amended answer which was an entire departure from both of his former answers as to the ownership by appellant of the claimed interest in the property described in the bill and challenged appellant's right to an accounting on a new theory. Appellant filed his exceptions to this answer, which were overruled, and the cause was re-referred to the master in chancery to take proofs and report the same with his findings of law and fact. Later the master filed his report upon the re-reference, having taken no further evidence, and adhering to his former report and findings. To this report of the master appellee filed exceptions and the court overruled part of the same and overruled the exceptions theretofore filed by appellant to the former report and entered a decree in which it is found that appellee has admitted owing appellant $4,759.92, which is the identical amount found due by the former decree for the 5-year period last before the commencement of this suit. The court then computed interest on the $4,759.92 to date, and decreed that appellant have and recover $7,099.79 of appellee. Appellant again appeals to this court.

The decree now before us is in utter disregard and violation of the express and specific directions of this court. It was error to permit a change of the issues by the filing of the amended answer. This court had already found that under the bill filed appellant was entitled to an accounting from the time the parties became tenants in common down to the time this suit

was commenced, and the cause was remanded with directions to cause that account to be stated, not to change the issues and again try out the right to an accounting.

The master's report, to which exceptions were sustained, seems to be in accord with the former rulings and directions of this court and to be supported by the evidence except in the matter of the time for which interest was computed. The master's report shows a finding that appellant is entitled to interest on the amount of rents found to be in the hands of appellee that should have been turned over to appellant from the time this suit was begun to the date of the finding, which finding we take to be correct, but in computing that interest the master took December 5, 1914, as the date when this suit was commenced. In that the master was in error. This suit was commenced December 3, 1913, on the common-law side of the court and was afterwards and on December 5, 1914, transferred to the chancery side, where it has since been conducted. Transferring the case from the common law to the chancery side of the docket was not the commencement of a new suit. The interest should have been computed from December 3, 1913, to the date of the decree. The decree of the circuit court therefore is reversed and the cause is remanded to that court with directions to overrule all exceptions of appellee to the master's report and to approve that report in all respects except as to the computation of interest on the sum of $18,538.41, the amount found by the master to be due from appellee to appellant at the time this suit was commenced, and to compute said interest on said amount from December 3, 1913, to the time the decree shall be entered at the rate of 5 per cent per annum and add the amount of such interest when so computed to the said sum of $18,538.41, and enter a decree requiring appellee to pay appellant the total sum so found.

*Reversed and remanded with directions.*