## Logan A. Gridley et al., v. John H. Wood et al.
## Ora W. Gridley, Plaintiff in Error, v. John H. Wood, Defendant in Error.

1. APPEAL AND ERROR, § 1809*—*when disregard of mandate is error.* The refusal of the trial court to enter a decree pursuant to a direction in the opinion of the Appellate Court that certain money should remain in the hands of a master in chancery, and its action directing the turning over of the money in a manner contrary to the direction of the Appellate Court was error, and in utter if not in wilful disregard of the views expressed by such Appellate Court.

2. APPEAL AND ERROR, § 1809*—*what is effect of mandate of Appellate Court.* When once a case has been determined by the Appellate Court and its mandate has gone forth, what that court there held in determining the questions involved is the law of that case, until, if ever, the same is reversed by the Supreme Court, and is binding on the parties, the trial court and the Appellate Court.

3. APPEAL AND ERROR, § 1818*—*what is effect of mandate of reviewing court.* The trial court has no right to enter any decree or order after the redocketing of a case except in conformity with the directions of the reviewing court.

Error to the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded with directions. Opinion filed October 27, 1920.

A. E. and R. C. DeMANGE, for plaintiff in error.

LIVINGSTON & WHITMORE, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

This court in an opinion handed down in this case on July 9, 1919, 215 Ill. App. 473, determined on their merits all questions that are now presented by this record; reversed a decree of the circuit court that had been entered on February 16, 1918, and remanded the cause to that court with directions to enter a decree

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

therein in accordance with the views expressed in that
opinion.

The decree appealed from at that time provided, in
part, that the master in chancery should turn over to
one of the attorneys for defendant in error certain
moneys that came into his hands from the sale of lands
in a partition suit, on which plaintiff in error had a
lien for the payment of certain alimony that had there-
tofore been awarded to her, and that the said attorney
should hold the same until the termination of certain
litigation then pending.  This court held that such
order was erroneous in that respect and that the
moneys should remain in the hands of the master in
chancery until he was authorized by an order of dis-
tribution to pay the same to the parties to whom it
belonged, and reversed the decree and remanded the
cause with directions to the circuit court to enter a
decree in conformity with the views in that opinion
expressed.  It now appears that notwithstanding the
fact that an appeal was prayed for, allowed and per-
fected from that decree, the fund which the master was
directed to turn over to the said attorney for defendant
in error was in fact turned over to him pursuant to
such decree.  In due time the cause was redocketed
and came up for hearing in the trial court on motion
of plaintiff in error for a decree in conformity with
the directions of this court.  The circuit court refused
to enter such decree, but did enter one in which it di-
rected that the said moneys, so turned over by the mas-
ter in chancery to the said attorney, be paid over by
him to defendant in error, instead of ordering the
same returned to the master in chancery whom this
court held was the one entitled to it.  That was error.

When a case has once been determined by this court
and its mandate has gone forth, what this court
there held in determining the questions involved is
the law in that case, until, if ever, the same is reversed
by the Supreme Court, and is binding on the parties,

the circuit court, and this court. *Union Nat. Bank of Chicago v. Hines,* 187 Ill. 109; *Baum v. Hartmann,* 238 Ill. 519; *Wolkau v. Wolkau,* 217 Ill. App. 471. It was the imperative duty of the circuit court when this case was again redocketed in that court to follow the mandate of this court, not only in the respect above mentioned, but in all other respects. *Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co.,* 119 Ill. 30; *Wadhams v. Gay,* 83 Ill. 250; *Pritchard v. Fruit,* 214 Ill. App. 340; *Wolkau v. Wolkau, supra.* The trial court had no right to enter any decree after the case was redocketed except in conformity with the directions of this court. *Spring Lake Drainage & Levee Dist. v. Stead,* 263 Ill. 247; *People v. Waite,* 243 Ill. 156. It was the duty of the trial court to examine the opinion of this court and proceed in conformity with it. *Pittsburg, C., C. & St. L. Ry. Co. v. Gage,* 286 Ill. 213. The decree entered and now under consideration was at least in the respect above mentioned in utter if not in wilful disregard of the views expressed by this court in its former opinion. The decree of the circuit court is therefore reversed and the cause is remanded to that court with directions to enter a decree in conformity with the views expressed in the former opinion of this court, and in this opinion, not only in regard to the matter above discussed, but in all other respects, and to enter such decree as of the date when it in fact is made, and not *nunc pro tunc as* of any former date.

*Reversed and remanded with directions.*