## DAVID L. HOUGH

*v.*

## WILLIAM HARVEY *et al.*

1. APPEAL—*from county to circuit court—right of dismissal after reversal and remandment by Supreme Court.* Where an administrator appeals to the circuit court from an order or judgment of the county court, and, upon the trial of such appeal, the circuit court adjudges him to pay a certain sum to the appellees, which decree, on appeal by the administrator, is reversed in the Supreme Court, on the sole ground that the administrator had been charged with a greater rate of interest than six per cent, and the cause is remanded to the circuit court, with directions to modify the decree

in that respect, the administrator should not, when the cause is placed upon the docket in the circuit court, be permitted to dismiss his appeal from the judgment of the county court.

2. In such a case, if the decree is reversed in the Supreme Court, and remanded for a new trial in the circuit court, the appellant would have the right, at any time before the trial was ended, to dismiss his appeal from the judgment of the county court.

3. FORMER ADJUDICATION—*in Supreme Court.* Where matters involved in an appeal to this court have been decided, the matters thus decided can not be drawn in question again, on a second appeal in the same case.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BUSHNELL, BULL & GILMAN, for the appellant.

Mr. CHARLES HARVEY, and Mr. JOHN W. WIDMER, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

On an appeal from the county court, by the appellant here, the circuit court adjusted the account of appellant as an executor, and adjudged that he pay a given amount to appellees, respectively. From that judgment of the circuit court he appealed to this court. In disposing of the case upon that appeal, this court held that courts can not allow interest at ten per cent where there has been no specific agreement for that amount, and that the executor should only have been charged with interest at the rate of six per cent per annum, with annual rests, or compounded, and said: "For this error, the decree of the court below will be reversed, and the cause remanded, with *directions to modify the decree in the respect indicated.*" *Hough* v. *Harvey,* 71 Ill. 72.

When the suit was again placed on the docket of the circuit court, the appellant claimed the right, in the circuit court, to dismiss his appeal from the county court, and moved to dismiss his appeal. The circuit court refused to dismiss this appeal, but modified the decree by a new computation at six per cent interest, instead of ten  Appellant again brings the

case before this court, and assigns for error the refusal of the circuit court to permit him to dismiss his appeal.

The ruling of the circuit court in refusing to allow this motion, was correct. Had the cause been remanded by this court, for a new trial in the circuit court, then, undoubtedly, the appellant in that court would have had the lawful right to dismiss his appeal at any time before the trial had ended. In this case, however, the substance of the decision of this court was, the affirmance of the findings of fact in the circuit court, upon which the decree was founded. The cause was not remanded for a new trial, but " with directions to modify the decree in the respect indicated;" that is, to modify the decree in so far as a computation of interest at the proper rate would change the amount. Hence, appellant could not dismiss his appeal at will. The trial originally had, fixed the facts. All that remained for the circuit court was, to state the account, in every respect, as it was stated in the original decree in the circuit court, except as to the rate and mode of computing interest. To show error in the decree now under consideration, it is incumbent on appellant to show that the circuit court has, in some way, failed to obey the mandate of this court. This he does not attempt to do. He alleges errors in stating the account in this, that certain credits to the executor are not introduced, as he alleges, at the proper date in the account. He does not attempt to show that this is a departure from the mode of stating the account in the former decree. That decree was reversed for error of *rate* of interest *only.* All other matters involved in the controversy became *res adjudicata.* The circuit court having, so far as we can see from this record, obeyed the mandate of this court, its rulings can not be brought in question again. If appellant suffered any wrong by the decision of this court, when the case was before it at a former term, that wrong could be corrected only on application for a rehearing. Having acquiesced in that decision, the matters then decided can not be drawn in question again upon this, his second appeal.

*Judgment affirmed.*