# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—DECEMBER TERM, 1883.

G. D. HENNING, Guardian, etc.,

v.

GILBERT ELDRIDGE.

SETTLEMENT OF GUARDIAN'S ACCOUNTS.—After a careful consideration of all the evidence the court is of opinion that the court below erred in charging interest on the $1,500 from June 1, 1866, instead of from July 29, 1867, and that whenever the Stewart note was paid or so considered, the settlement of the principal interest due on it at that time would be chargeable to appellant and six per cent. interest with annual rests.

APPEAL from the Circuit Court of Kendall county; the Hon. C. W. UPTON, Judge, presiding. Opinion filed July 27, 1883.

Mr. A. C. LITTLE, for appellant; as to penalty imposed upon guardian for failure to report, etc., cited Bond v. Lockwood, 33 Ill. 212; Brown v. Kirkpatrick, 14 Ill. 2.

Mr. A. J. HOPKINS and Mr. N. J. ALDRICH, for appellee; cited Ream v. Lynch, 7 Bradwell, 161; In re Steele, 65 Ill. 324.

PER CURIAM. This was a trial before the county court in the first instance upon application of appellee after he came of age, to compel settlement of appellant's accounts, as his

guardian, and afterward appealed to the circuit court, where it was tried by the judge.

The account runs from Dec. 1, 1863, no settlement ever having been made by the guardian either of his collections or disbursements.

We have examined the statement of the account by the court below and find it carefully prepared and correct except as hereinafter stated.

Among the items complained of as allowed by the court are the following, to wit: Interest on $1,500, the original sum received for the sale of the ward's real estate from June the 1st, 1866, instead of July 29, 1867, $450. The disallowance of a credit entered on the book of Stewart, rent charged to Woodruff, the step-father of the ward, with whom the ward lived, and claimed to be paid by appellant for use of ward, as of date Aug. 11, 1869. The charging interest at eight per cent. compounded a portion of the time on a portion of the money.

After a careful examination of all the evidence we have arrived at the conclusion that the court below erred in charging interest on the $1,500 from June 1, 1866, instead of from July 29, 1867, and on a new trial that error will be corrected; but we do not think there was any error in not allowing the claim of payment of the rent charge of $256.06, charged on the books of Lewis Stewart. The evidence on that item is confusing and unsatisfactory. Woodruff swears that he never received the money and we think he never did. This charge may have something to do with the fact that when the private sale of the real estate was made, June, 1866, the bargain that Woodruff should have the rent for keeping the boy was considered at an end until the regular sale was made July 29, 1867, when Stewart purchased under decree of court; then some arrangement must have been made about the rent in the meantime and this entry, as we think probable, was put there for a memorandum against Woodruff in case the guardian was held to pay interest from the date o f the private sale. At all events, appellant gave no further explanation of it other than it was on the books. If Stewart turned over this rent to Woodruff after the second sale it would be natural

Henning v. Eldridge.

to make this charge. If that be the case and appellant should credit himself with it he should be charged interest from date of the first sale. By striking out this claim and not charging interest the result would be, if we are correct, that the old agreement to keep the appellee for the use of the real estate would continue till July 29, 1867. Again if appellant received the rent accruing between the two sales and should be charged with it, the credit as paid by Stewart would be correct; but no such charge is made against him, and in either event no interest should be charged till July 29, 1867.

Whenever the Stewart note was paid or so considered, the amount of the principal interest due on it at that time would be chargeable to appellant, and six per cent. interest with annual rests. If the Stewart note is deemed to be paid at the date of appellee's majority, the charge of eight per cent. on it up to that time is correct, but not compounded. The interest was not payable annually and the credits on it were immediately paid out for the benefit of the ward. If any compounding is to be done it should be done on the basis of six per cent., but all the payments for benefit of the ward should be deducted from the time they were paid. If the loan of the money to Stewart without security on real estate should be held to be a conversion of it by appellant, then interest at annual rest at six per cent. should only be charged on the amount of note from its date, and if the ward prefers that mode he may have it in that way, or claim what appellant actually received on the Stewart note, to be credited to him as here indicated. The allowance of $50 Sept. 2, '76, and $25 in '75 were properly allowed.

We see no other error.

For the above errors the judgment is reversed and cause remanded.

Reversed and remanded.

PER CURIAM. (Opinion on petition for rehearing filed February 5, 1884.)

Upon the petition of appellee, a rehearing was granted in this cause. Having again considered the evidence in the rec-

ord in the light of the suggestions furnished by said petition— for no further argument has been presented—we discover no sufficient reason for any modification of the views and conclusions expressed in the opinion heretofore filed herein. And since these views charge appellant with a greater liability than he admits to be either just in fact or warranted by the evidence, we can not without his consent, upon request of appellee, give such directions to the circuit court as will put the case at once in a condition for appeal to the Supreme Court.

Reversed and remanded.