## GILBERT D. HENNING

v.

## GILBERT ELDRIDGE.

*Practice—Res* Adjudicata—*Points Passed upon on Former Appeal.*

Where a decree of the Circuit Court was upon a former appeal reversed
for a single error and remanded, and upon a retrial the court below cor-
rected that error and entered a decree accordingly, upon a second appeal,
this court will not hold that the court below should have passed upon claims
that had been adjudicated by this court upon the former appeal.

[Opinion filed July 2, 1891.]

APPEAL from the City Court of Aurora, Illinois; the Hon.
RUSSELL P. GOODWIN, Judge, presiding.

Mr. A. C. LITTLE, for appellant.

Messrs. A. J. HOPKINS, N. J. ALDRICH and F. H. THATCHER,
for appellee.

*Per Curiam.* This case was here at the December term,
1890, and had been here in July, 1883, and reported in 14 Ill.
App. 191. On the last appeal in which an opinion of this
court was filed December 8, 1890, see 38 Ill. App. 551, various
errors were assigned and only one found in the report of the
master, to wit, an item of $311.50 and the interest thereon
charged in the master's report against the appellant, and judg-
ment was reversed and the cause remanded alone for that
error, with instructions to the court below to strike out that
item of the account and accrued interest thereon charged
thereon by the master. This court there said, "We see no
other error in the record."

The case was certified back to the court below, and that
court in pursuance to the direction of this court struck out
the above named item and the interest thereon and reduced
the general finding of the master to the sum of $1,719.59, and

ordered appellant to pay it over to appellee within sixty days. From this order and judgment this present appeal is taken and appellant assigns for error this action of the court below. We are now asked to hold that the court below should have passed on and adjudicated claims which this court upon the former appeals had passed on and adjudicated. This we can not do. We have no authority even if we had the disposition to do so. Hough v. Harvey, 84 Ill. 308; Wadhams v. Gay, 83 Ill. 250.

This is the third time we have examined the facts of this case, and are fully convinced that the final judgment in the case it as near right and just as it is possible for this court to make it. The judgment of the court below is therefore affirmed.

*Judgment affirmed.*