## Almetta Rowell v. Chicago Great Western Ry. Co.

92    106
a189s 392

1. INSTRUCTIONS—*Harmless Error.*—Where an instruction is somewhat faulty and open to criticism, if the jury could not have been misled by it, it will not be sufficiently erroneous to require a reversal of the judgment.

2. EVIDENCE—*Of the Condition of Lights Must be Confined to the Night of the Accident.*—Where a witness in a personal injury case testifies to the condition of the lights on the night of the accident, but on cross-examination it is developed that he could not testify as to such condition on the night of the accident, it is proper to strike out his testimony as to other nights on which he had observed the absence of the lights.

Trespass on the Case, for personal injuries. Error to the Circuit Court of De Kalb County; the Hon. HENRY B. WILLIS, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed February 1, 1900. Rehearing allowed. Opinion modified and refiled. Mr. Justice DIBELL dissenting.

JONES & ROGERS and J. E. MATTESON, attorneys for plaintiff in error.

J. B. STEPHENS, attorney for defendant in error.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This case was originally commenced against the present defendant in error and the DeKalb & Great Western Railway Company to recover damages for personal injuries alleged to have been sustained by plaintiff in error, as a consequence of falling from a station platform, which it was then claimed was maintained by the two railroad companies jointly, for the use of passengers at their station in the city of DeKalb. On a former trial of the cause appellant recovered a judgment for $450, which was reversed by this court on the appeal of the railroad companies. De-Kalb & Great Western Ry. Co. v. Rowell, 74 Ill. App. 191.

We refer to the opinion in that case for a fuller and more complete statement of the facts. After the case was remanded the plaintiff dismissed the suit as to the DeKalb Great Western Railway Company, and the cause being tried against defendant in error, resulted in a disagreement of the jury.

On a third trial the jury returned a verdict in favor of the defendant and the plaintiff prosecutes this writ of error.

The most serious complaint made by plaintiff in error, is as to the giving of instructions two, ten and eleven for

the defendant, and certain rulings of the court on the evidence.

While the instructions are somewhat faulty and open to criticism, yet we are of the opinion the jury could not have been misled by them and they are not sufficiently erroneous to require a reversal of the judgment. It is evident the jury thought there was little merit in the plaintiff's case. The overwhelming burden of proof shows, that the troubles of which she complains, existed long prior to her fall from the station platform. No doubt the jury concluded the plaintiff had no substantial claim for damages against the defendant.

We think there was no error in striking out the testimony of the witness Hungerford, in regard to its being dark on the station platform during the whole month of January, 1896. The question was, what was its condition as to light on January 21, 1896, and on cross-examination it developed that he could not testify as to the lights on that particular night; it was proper then to strike out his testimony as to other nights when he had observed the absence of lights.

It is complained that the court erred in refusing to allow the plaintiff to show that one of the usual exits from the station to Sixth street, was the way taken by the plaintiff at the time she fell from the platform. The question asked of the witness Hungerford concerning that matter was leading and improper, and it was not error to sustain the objection. All that plaintiff was entitled to on that subject was admitted later in response to other interrogatories.

We find no error in the rulings of the court on the admission or rejection of evidence, and no reason appearing in the record for the reversal of the judgment it will be affirmed.

Mr. Justice DIBELL, dissenting.