Chicago Title and Trust Company and Robert Laughlin, Administrators, Appellees, v. John Irwin and First Union Trust and Savings Bank, Executors, Appellants.

Gen. No. 36,362.

Opinion filed May 23, 1933.

WINSTON, STRAWN & SHAW, for appellants; EDWARD W. EVERETT and GEORGE T. EVANS, of counsel.

SIMS, STRANSKY, BREWER & POUST and ELWOOD G. GODMAN, for appellees; FRANKLIN J. STRANSKY and ELWOOD G. GODMAN, of counsel.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

During the lifetime of Henry D. Laughlin this cause was before us on a prior appeal by defendants from a decree of the circuit court, entered April 28, 1930. On May 19, 1931, we reversed that decree and remanded the cause with directions to modify the decree in certain particulars (*Laughlin v. Irwin,* 262 Ill. App. 40, 57.) On July 7, 1932, in compliance with the mandate of this court, the circuit court entered a modified decree, from which defendants have perfected the present appeal.

In the judgment clause of the original decree it was ordered and decreed:

(a) "That the complainant, Henry D. Laughlin, have judgment against the First Union Trust and Savings Bank and John Irwin, as executors of the last will and testament of Alexander Irwin, deceased, for the sum of $40,473.80, and for the further sum of $6,773.73, being interest at the rate of 5% per annum on said sum of $40,473.80, from December 22, 1926, to the date of this decree."

(b) "That fifty per cent of the taxable costs of this suit be assessed against the defendants and fifty per cent against the complainant."

(c) "That the complainant is the legal and equitable owner of the certificates relating to and covering said 800 shares of stock in the Northern Hotel Company predicated upon the original 800 shares of stock owned by him and referred to in said loan contracts and is entitled to the possession thereof."

In the closing paragraph of our opinion (262 Ill. App. 40, 57) we said:

"Our conclusion is that the decree appealed from should be modified to the extent of giving to Irwin's executors an additional credit of $30,000 for Irwin's one-half share of the profits on the 800 shares of stock, realized from the sale of the hotel property to Collins in July, 1926. Accordingly, the decree is reversed and the cause remanded, with directions to the circuit court to make modifications therein as follows: In the judgment clause of the decree, wherein the court adjudges that Laughlin have judgment against Irwin's executors for $40,473.80, these figures should be changed to $10,473.80, and, inasmuch as Irwin before the filing of Laughlin's bill tendered said last mentioned sum to him, and during the hearing in the circuit court kept the tender good, the circuit court will not charge any interest against Irwin's executors on said sum of $10,-473.80, and will tax all costs against Laughlin. And the costs in this court will also be taxed against Laughlin."

It will be noticed that the modifications directed to be made in the original decree are limited to (a) and (b) of the judgment clauses (above set forth), and that no change was directed to be made in (c). And the records of this court do not disclose that, after the filing of our opinion and the entry of our judgment, defendants filed a petition for a rehearing. Apparently, they then were satisfied with our opinion and judgment. But Laughlin moved that the mandate of this court be stayed, pending the disposition of his application for the issuance of a writ of certiorari, and the motion was granted. Thereafter Laughlin's death here was suggested and it was ordered that said administrators, etc., be substituted as appellees in the cause. On October 22, 1931, the Supreme Court refused to issue the writ of certiorari, and on January 22, 1932, the mandate of this Appellate Court, together with a copy of

our opinion, was filed in the circuit court. That mandate is in part as follows:

". . . Therefore, it is considered by the court that . . . the decree of the circuit court . . . be reversed, annulled, set aside and wholly for nothing esteemed; and that this cause be remanded to the circuit court . . . to *modify its decree* as follows:" (Then follow the directions in the same words and figures as in the closing paragraph of our opinion, as above stated.)

On July 7, 1932, the circuit court, following the mandate, entered the decree appealed from, in part as follows:

". . . In accordance with said mandate of the Appellate Court and the specific directions therein contained, the judgment clause of said decree heretofore entered in this cause . . . is hereby changed and modified as follows:

"Strike out of said judgment clause the following: (Here are set forth clauses (a) and (b) of the original decree, as above mentioned in this opinion.)

"and insert in lieu thereof the following:

"It is therefore ordered, adjudged and decreed that the complainant, Henry D. Laughlin, have judgment against the First Union Trust and Savings Bank and John Irwin, as executors of the last will and testament of Alexander Irwin, deceased, for the sum of $10,-473.80, without interest.

"It is further ordered, adjudged and decreed that all costs of this court be and the same are hereby taxed and assessed against the complainant."

Two contentions are made by counsel for defendants as grounds for the reversal of the decree of July 7, 1932, appealed from. As we understand one of them it is, that as this court *reversed* the original circuit court decree of April 28, 1930, before directing modifications thereof, we had no power to direct any modifications, or the circuit court to enter a new or amended

decree as directed, because the original decree, having been "annulled" by such reversal and having become "inoperative and void," there was nothing on which the directed modifications could operate. We find no substantial merit in the contention. We think it is clear from the concluding paragraph of our opinion, and from our mandate, that our decision and judgment were that the original decree should be *modified* in the particulars mentioned, and not reversed *in toto.* In first adjudging a reversal of the decree and a remandment of the cause, we did so in accordance with established practice and in order that the mentioned modifications might be made by the circuit court. In *Hunter v. Hatch,* 45 Ill. 178, 179, it is said: "Appellee's counsel misapprehends the practice when he urges that this court (Supreme) can modify a decree without first reversing it. After a decree is reversed, then the court may modify it by a decree in this court, or by remanding it with instructions. But, before it can be modified, the erroneous portion, at least, must be reversed." In *Washburn & Moen Mfg. Co. v. Chicago Galvanized Wire Fence Co.,* 119 Ill. 30, 34, 35, it is said:

"In cases where a modification of the decree below is deemed necessary, it is discretionary whether this court (Supreme) shall, by an order to be entered on its own records, make the modification, or whether it shall remand the cause to the lower court, with specific directions to that court to make the modification. . . . In either case it is proper that the order of this court (Supreme) be, first, that the decree below be reversed. . . . And since the direction that one part of a decree be modified, is, by necessary inference, an approval of that part omitted from that direction, the substantial rights of the parties to the decree are not perceptibly different from what they would be were it expressly ordered, in the formal entry upon the record, that such omitted part of the decree is affirmed."

Equally without merit, in our opinion, is counsels' second contention, which is, in substance, that, notwithstanding our specific directions (as shown in the judgment and mandate), the circuit court erred in not examining certain holdings in our opinion, and, *in addition* to following our specific directions, in not incorporating in the decree certain other matters which, in counsels' present opinion, would have been in accord with said holdings. We understand it to be the well-established rule that, where a decree is reversed by a reviewing court and the cause is remanded to the inferior tribunal with certain *specific* directions, nothing can be done by such inferior tribunal except to carry out such directions, without regard to whether or not those directions may be erroneous, inadequate or inappropriate, and that the judgment and mandate of the reviewing court, and not its opinion, should govern and be the inferior tribunal's guide. (See *Union Nat. Bank v. Hines,* 187 Ill. 109, 114; *People v. Waite,* 243 Ill. 156, 160, 161; *Boggs v. Willard,* 70 Ill. 315, 316; *Trustees of Schools v. Hoyt,* 318 Ill. 60, 62; *West v. Brashear,* 14 Pet. (U. S.) 51, 54.) In *Chicago Ry. Equipment Co. v. National Hollow Brake Beam Co.,* 239 Ill. 111, 115, it is said: "A decree entered in accordance with the directions of this court (Supreme) cannot be erroneous. This court may err in its directions to an inferior court, but however erroneous the directions given may be, it is the duty of the inferior court to strictly follow the directions contained in the mandate of this court." And an examination of the present record discloses that the circuit court strictly followed the directions contained in the mandate of this court, which was specific and plain in its terms. In *Fisher v. Burks,* 285 Ill. 290, 293, it is said: "The mandate is the judgment of this court transmitted to the circuit court. Where the direction contained in it is precise and unambiguous, it is the

duty of the trial court to carry it into execution and not to look elsewhere for authority to change its meaning or directions. (Citing *West v. Brashear, supra.*) It is the mandate of the court of review, and not its opinion, that governs, when the mandate differs from the opinion or is specific and plain in its terms.''

And in our opinion there are other good reasons why counsels' second contention is without merit. Assuming, but not deciding, that our former judgment and directions were not adequate or sufficiently comprehensive, it is to be noticed that defendants made no attempt, by petition for rehearing or otherwise, to cause the same to be revised or enlarged. In *Hough v. Harvey,* 84 Ill. 308, 310, it is said: ''The circuit court having, so far as we can see from this record, obeyed the mandate of this court, its rulings can not be brought in question again. If appellant suffered any wrong by the decision of this court (Supreme), when the case was before it at a former term, that wrong could be corrected only on application for a rehearing. Having acquiesced in that decision, the matters then decided can not be drawn in question again upon this, his second appeal.'' Furthermore, as said in *Hollowbush v. McConnell,* 12 Ill. 203, 204: ''There must be an end of litigation somewhere, and there would be none if parties were at liberty, after a case had received the final determination of the court of last resort, to litigate the same matter anew, and bring it again and again before the court for its decision.'' This language of our Supreme Court has been quoted with approval in subsequent cases, involving somewhat similar points as here made by counsel on the present appeal. (*People v. Militzer,* 301 Ill. 284, 287; *Tribune Co. v. Emery Motor Livery Co.,* 338 Ill. 537, 541.)

For the reasons indicated, the decree of the circuit court of July 7, 1932, should be and is affirmed.

*Affirmed.*

SCANLAN, P. J., and SULLIVAN, J., concur.