MYRTIE S. BENNETT

*v.*

SARAH J. GILES *et al.*

*Opinion filed February 21, 1906—Rehearing denied April 4, 1906.*

SPECIFIC PERFORMANCE—*when the right to enforce a contract is forfeited.* Under a contract giving the vendor an option to re-purchase the property within one year and providing that the vendee may encumber the property to a certain extent, in which case the vendor, if she exercises the option, shall take subject to the encumbrance, the vendor is not entitled to demand a title free from encumbrances if the vendee has encumbered the property as authorized by the contract, and if she refuses to exercise the option except on those terms until after the year allowed has expired she cannot afterward maintain a bill for specific performance.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

The bill filed in this case in the superior court of Cook county by Sarah J. Giles and George T. Giles, as amended, sought to enforce the specific performance of an option con-

tract against Myrtie S. Bennett bearing date October 1, 1899, whereby Myrtie S. Bennett agreed to convey to Sarah J. Giles the premises known as No. 418 Warren avenue, in the city of Chicago, on or before October 1, 1900, for the consideration of $2850. An answer and replication were filed and a decree in favor of the complainants was entered, which decree, upon appeal, was reversed by the Appellate Court for the First District. (111 Ill. App. 428.) The case was re-instated in the superior court and a cross-bill was filed by Myrtie S. Bennett, making Sarah J. and George T. Giles and Mary Corcoran (the said Mary Corcoran, subsequent to the commencement of the suit, having purchased the interest, if any, of Sarah J. Giles in said premises,) parties defendant, praying that said option contract be canceled as a cloud upon the title of the cross-complainant to the said premises. The cross-bill was answered and a replication filed to the answer, and upon a re-trial the superior court again decreed a specific performance of the contract and dismissed the cross-bill of Myrtie S. Bennett for want of equity, and an appeal has been prosecuted by Myrtie S. Bennett to this court to reverse said decree.

In 1897 Sarah J. Giles was the owner of said premises, which were occupied by herself and family as a homestead. On the 15th day of December of that year Sarah J. Giles and her husband executed a trust deed on said premises to the Chicago Title and Trust Company to secure the payment of their promissory note for the sum of $2000 and interest. In 1899, default having been made in the payment of said interest and John C. Bennett, the husband of Myrtie S. Bennett, having become the owner of the promissory note secured by said trust deed, said John C. Bennett filed a bill to foreclose said mortgage. On October 1, 1899, the matter of the payment of said indebtedness, including taxes and other charges against the property, was adjusted by Sarah J. and George T. Giles and John C. Bennett, and thereupon Sarah J. Giles (her husband, George T. Giles, joining in

the conveyance,) sold said property to John C. Bennett for the agreed sum of $2850, the title to the premises being conveyed to Myrtie S. Bennett, and Myrtie S. Bennett on that day leased said premises to Sarah J. and George T. Giles for one year from October 1, 1899, and gave said Sarah J. Giles, in writing, an option to re-purchase said premises for the sum of $2850 at any time prior to October 1, 1900. In the option contract Myrtie S. Bennett reserved the right to encumber, by trust deed or otherwise, during the running of said option, said premises to any amount not to exceed the said sum of $2850, which encumbrance it was provided might bear not to exceed seven per cent annual interest and might run not to exceed five years, and in the event said premises were encumbered by Myrtie S. Bennett prior to October 1, 1900, Sarah J. Giles agreed, in case she should re-purchase said premises, she would take the title thereto subject to said encumbrance.

On October 1, 1899, Myrtie S. Bennett and her husband executed a trust deed to the Chicago Title and Trust Company on the said premises, which was acknowledged and recorded on the 20th day of the same month, to secure the payment of the promissory note of Myrtie S. Bennett, payable to the order of herself and by her endorsed, for the sum of $2500, due in five years from date and bearing interest at the rate of seven per cent per annum, payable annually, which promissory note was delivered to John C. Bennett. In the month of November, 1899, John C. Bennett died. Prior to his death said promissory note was delivered by John C. Bennett to his mother, Eliza V. Bennett, in part payment of moneys due her by him, and said note, and the trust deed securing the payment thereof, are the note and trust deed mentioned in the case of *First Nat. Bank of Waterloo* v. *Bennett*, 215 Ill. 398. Sarah J. Giles remained in possession of said premises, and in January, 1900, and at a number of times subsequent thereto and prior to October 1, 1900, Sarah J. Giles, through her daughter, Charlotte L. Kimberly, who

resided with her mother, offered to pay to Myrtie S. Bennett the sum of $2850, the amount of the purchase money named in said option contract, and demanded, in consideration of such payment, of Myrtie S. Bennett a deed conveying said premises to Sarah J. Giles free and clear of all encumbrances. At the several times when Charlotte L. Kimberly offered to pay said Myrtie S. Bennett said sum of $2850 and demanded of her a deed, Myrtie S. Bennett informed her said premises had been encumbered by her by note and trust deed on October 1, 1899, for the sum of $2500, which encumbrance bore interest at the rate of seven per cent per annum and was due five years from date, and that she did not have said note in her possession and could not procure the release of said trust deed, and was for that reason unable to convey said premises to Sarah J. Giles free and clear of all encumbrances, and at those times offered to make a deed to Sarah J. Giles conveying to her said premises subject to said encumbrance upon the payment to her of the difference between $2850 and the amount of said encumbrance. Sarah J. Giles had no money with which to re-purchase said premises, but relied upon Charlotte L. Kimberly to furnish the money for that purpose. Charlotte L. Kimberly was willing to furnish the money to re-purchase the said premises if the same could be conveyed to Sarah J. Giles free and clear of all encumbrances, but declined to furnish the money to pay the difference between the purchase price, $2850, and the amount of said encumbrance. The ownership of said $2500 note was in controversy between Myrtie S. Bennett and the First National Bank of Waterloo, said note having been transferred by Eliza V. Bennett to said bank, and the bank had filed a bill in the circuit court of Cook county to foreclose said trust deed. Although Myrtie S. Bennett claimed to be the owner of said note and trust deed, she repeatedly stated to Charlotte L. Kimberly and to the solicitor of Sarah J. Giles that she could not obtain the possession of the note, and was by reason of that fact unable to comply with the

conditions imposed by Charlotte L. Kimberly before she would furnish the funds to re-purchase said premises.

Matters remained in this condition until about two weeks prior to October 1, 1900, the date the option contract by its terms expired. At that time the solicitors of the respective parties and Charlotte L. Kimberly had a meeting in the city of Chicago at the office of the solicitor of Sarah J. Giles, and Charlotte L. Kimberly then stated that she or Sarah J. Giles would have nothing more to do with the re-purchase of said premises, but would vacate said premises, assigning as one reason for declining to take the property subject to the encumbrance that she was not willing to pay seven per cent per annum for the use of the re-purchase money represented by the $2500 note and trust deed. Subsequently, however, she and Sarah J. Giles refused to vacate the premises and claimed the option contract was still in force, and after October 1, 1900, again offered to pay Myrtie S. Bennett said $2850 and demanded a deed, and some time thereafter this bill was filed. After the filing of the bill Mary Corcoran was placed in possession of the premises by Sarah J. Giles as a claimed purchaser of the premises.

ALANSON C. NOBLE, (MASON & WYMAN, of counsel,) for appellant.

W. P. BLACK, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

It is clear under said option contract, which contract is set out in the Appellate Court opinion above referred to, that said Sarah J. Giles had the right, at any time subsequent to the date of the contract and prior to October 1, 1900, to re-purchase the premises from Myrtie S. Bennett upon the payment to her in cash of $2850. If, however, prior to such re-purchase Myrtie S. Bennett placed an encumbrance on the said premises, (which she reserved the right to do in the option contract,) Sarah J. Giles agreed, in case she accepted

said option and re-purchased the premises, to take the premises subject to said encumbrance, and in that event to pay to Myrtie S. Bennett the difference between $2850 and the amount of the encumbrance. The evidence shows that Sarah J. Giles had no money with which to re-purchase the premises, and that she made an arrangement with her daughter, Charlotte L. Kimberly, to furnish the funds with which to re-purchase said premises; that Mrs. Kimberly offered to furnish the $2850 necessary to re-purchase said premises provided the $2500 trust deed was released as a lien thereon, but refused to furnish the money with which to pay the difference between the sum of $2850 and the amount of said $2500 note and trust deed. After Myrtie S. Bennett had encumbered the property with a trust deed due five years from October 1, 1899, it was impossible for her to convey the property free of all encumbrances without the release of said trust deed, and as the option was to expire on October 1, 1900, four years before the trust deed would fall due by its terms, the said trust deed having been placed upon the property in accordance with the express provision of the option contract, after the execution of said trust deed it is clear the only option remaining in Sarah J. Giles to re-purchase said premises was to take the same at the agreed price of $2850, less the amount of the said trust deed, which option she was bound to exercise prior to October 1, 1900. She not only failed to exercise such option prior to October 1, 1900, but some two weeks prior to that date Mrs. Kimberly, who was to furnish the money and who represented her mother, abandoned the option contract and agreed that she and her mother would vacate the premises. Time was made the essence of the contract, and we think it obvious that the complainants were entitled to no relief under the original bill, but are of the opinion the same should have been dismissed, and that a decree should have been entered in favor of the complainant in the cross-bill canceling said option contract as a cloud upon her title.

It is urged that the complainants were misled by the claim of Myrtie S. Bennett that she was the owner of the $2500 note secured by said trust deed. While such was the claim of Myrtie S. Bennett, she repeatedly stated to the complainants and their solicitor that she did not have said note in her possession; that it was claimed by other parties, and that she was unable to obtain the possession thereof or to procure a release of said trust deed, and the complainants were advised a bill had been filed by the First National Bank of Waterloo in the circuit court of Cook county to foreclose said trust deed, to which suit Sarah J. Giles, George T. Giles and Myrtie S. Bennett were parties. Sarah J. Giles consented, at the time she took the option contract, that the property might be encumbered by Myrtie S. Bennett to the amount of more than the amount of the $2500 note, and when she sought to exercise the option to re-purchase she knew the title to said $2500 note was in dispute between the First National Bank of Waterloo and Myrtie S. Bennett. It made no difference to her who was the owner of that note. Under the contract all she was required to pay for the property was $2850. If she desired to re-purchase the property under the contract she should have taken it subject to the provisions of the contract,—that is, paid Myrtie S. Bennett the difference between $2850 and the amount of the $2500 note and taken the premises subject to the $2500 encumbrance thereon. This she failed and refused to do, and thereby forfeited her right to re-purchase said premises under the said option contract. The defendant to the cross-bill, Mary Corcoran, occupied no better position than Sarah J. Giles, of whom she purchased the property pending this litigation.

The decree of the superior court will be reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*