MARY CORCORAN, Appellee, *vs.* MYRTIE S. BENNETT,
Appellant.

*Opinion filed February 20, 1908.*

1. APPEALS AND ERRORS—*the Supreme Court's direction to trial
court to do certain things includes matters incident thereto.* An
order by the Supreme Court in its judgment of reversal directing
certain things to be done by the trial court, includes, by implica-
tion, an order to do other things which are necessitated by the
doing of the things expressly directed.

2. SAME—*when trial court may, on canceling contract of sale,
put party in possession.* Where the Supreme Court holds, in its
opinion, that a contract to convey had been forfeited, that the com-
plainants were not entitled to specific performance but that the
cross-complainant was entitled to have the contract canceled as a
cloud upon her title, and remands the cause with directions to en-
ter a decree "in conformity with the views expressed in the opin-
ion," the trial court has power not only to dismiss the original bill
and cancel the contract, but also to require complainants to surren-
der possession and account to the cross-complainant for rent due.

APPEAL from the Appellate Court for the First District;—
heard in that court on appeal from the Superior Court of
Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

ALANSON C. NOBLE, for appellant.

W. P. BLACK, (C. D. F. SMITH, of counsel,) for ap-
pellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the
court:

This was a bill in chancery filed in the superior court
of Cook county by Sarah J. Giles and George T. Giles to
enforce the specific performance of a contract in writing
against Myrtie S. Bennett, bearing date October 1, 1899,
whereby Myrtie S. Bennett agreed to convey to Sarah J.
Giles the premises known as No. 418 Warren avenue, in the
city of Chicago, on or before October 1, 1900, for the sum
of $2850. Myrtie S. Bennett filed an answer to the original

bill and filed a cross-bill making Sarah J. and George T. Giles and Mary Corcoran (the said Mary Corcoran having purchased the interest of Sarah J. Giles in said premises subsequent to the commencement of this suit,) parties defendant, praying that said contract be canceled as a cloud upon the title of the cross-complainant to said premises. The cross-bill was answered and replications were filed, and the case was tried and a decree entered in favor of the complainants in the original bill, which decree was reversed by this court (*Bennett* v. *Giles,* 220 Ill. 393,) and the case was remanded to the superior court, where there was a decree entered dismissing the original bill for want of equity, and jurisdiction was retained of the parties and subject matter under the cross-bill, and the contract in writing whereby Myrtie S. Bennett had agreed to convey said premises to Sarah J. Giles was canceled as a cloud upon the title of Myrtie S. Bennett, and the parties in possession were directed to surrender the possession of the premises to Myrtie S. Bennett, and the case was referred to the master in chancery to state an account between the parties as to the rents and profits which had accrued subsequent to October 1, 1900. From that decree Mary Corcoran prosecuted an appeal to the Appellate Court for the First District, where the decree of the superior court was affirmed in so far as it dismissed the original bill for want of equity and in so far as it canceled said contract in writing as a cloud upon the title of Myrtie S. Bennett in and to said premises, and reversed in so far as it directed that the defendants in the cross-bill, who were in possession of said premises, surrender the possession thereof to Myrtie S. Bennett and in so far as it provides for the statement of an account between Myrtie S. Bennett and the defendants to the cross-bill, who had been in possession of said premises subsequent to October 1, 1900, on the ground that the superior court, under the remanding order of this court, was without jurisdiction to enter said decree in so far as said decree was reversed by

said Appellate Court, and Myrtie S. Bennett has prosecuted an appeal to review the judgment of the Appellate Court.

This court, when the case was here before, held. that the contract in writing whereby Myrtie S. Bennett had agreed to convey said premises to Sarah J. Giles had been forfeited; that Sarah J. Giles and her grantee, Mary Corcoran, were not entitled to have said contract for the conveyance of said premises specifically enforced and that Myrtie S. Bennett was entitled to have said contract canceled as a cloud upon her title to said premises, and reversed the case and remanded the same to the superior court, with directions to that court to enter a decree in accordance with the views expressed in the opinion of the court filed in the case upon that appeal. The effect of the opinion of this court was to hold that Myrtie S. Bennett was the owner of said premises and that Sarah J. Giles and Mary Corcoran had no interest therein. It therefore followed that Myrtie S. Bennett was entitled to the possession of said premises and entitled to the rents which had accrued thereon from the date said contract expired, which was October 1, 1900. We think, therefore, the relief granted to Myrtie S. Bennett by the superior court in decreeing that she be let into possession of said premises, and that the defendants to the cross-bill, who had been in possession of said premises subsequent to October 1, 1900, account to Myrtie S. Bennett for the rent of the said premises, was incident to the relief that the original bill be dismissed and the contract under which Sarah J. Giles and Mary Corcoran were claiming to hold said premises should be canceled, and that the superior court did not err in granting to Myrtie S. Bennett such relief, and that the judgment of the Appellate Court, in so far as it reversed that portion of the decree, is not correct. In *Washburn & Moen Manf. Co.* v. *Chicago Galvanized Wire Fence Co.* 119 Ill. 30, it was held that where a case is reversed and remanded by this court to an inferior court, with specific directions to enter a decree, and the doing of the things directed to be

233—2

done by the inferior court necessitates the doing of other things as necessary incidents to the things ordered to be done, the order that they shall be done is implied in the order to do that to which they are incidents.

It must be conceded, we think, that the dismissal of the original bill and the canceling of the contract under which the defendants to the cross-bill claimed said premises left Myrtie S. Bennett the absolute owner of said premises as against Sarah J. Giles, George T. Giles and Mary Corcoran and entitled to the possession of said premises, and equity having jurisdiction of the parties and the subject matter of the suit, the placing of the owner of the premises in possession thereof and requiring the defendants to the cross-bill to account to the cross-complainant for the rent of the said premises, which they had wrongfully been in possession of, was only incident to the finding and decree that Myrtie S. Bennett was the owner of said premises and that the defendants to the cross-bill had no interest in said premises, and jurisdiction having attached for one purpose, the court would dispose of the entire matter in difference between the parties which related to the subject matter of said premises.

Appellate Courts, in giving directions to trial courts, as expressed in their written opinions, ordinarily employ general terms, giving the substance in outline, merely, of what is required to be done and leaving matters of detail to the trial courts. We think it clear, therefore, that after the superior court had dismissed the original bill for want of equity and canceled said contract in writing, the superior court was fully authorized by the remanding order entered by this court to place the cross-complainant in possession of said premises and to refer the case to the master in chancery to state an account between the parties as to the rents which had accrued subsequent to October 1, 1900.

The judgment of the Appellate Court will be reversed and the decree of the superior court will be affirmed.

*Judgment reversed.*