## Logan A. Gridley et al., v. John H. Wood, Appellee. Ora Gridley, Appellant.

1. APPEAL AND ERROR, § 1245*—*when appellant cannot complain that chancellor considered evidence received in another suit.* Appellant cannot complain that the chancellor considered evidence received in another suit after having specifically requested him to do so.

2. DIVORCE, § 58*—*how far divorce decree is decree in rem.* A divorce decree, in so far as it provides a lien on real estate for the payment of alimony, is a decree ·in rem and not in personam.

3. DIVORCE, § 106*—*when wife entitled to alimony until all of dower interest is assigned.* Under a decree of divorce providing that, until the wife's dower interest is assigned to her in certain lands, she should receive a designated amount per year for her alimony and that the payment of such alimony should be secured by a lien upon certain real estate then owned by her husband, the wife is entitled to such alimony until all of her dower interest is assigned to her unaffected by the fact that she receives a portion of her dower interest, and it will be error, in a subsequent suit for partition, to reduce the amount of alimony in proportion to the amount of the payments of dower.

4. DOWER—*mode of assignment.* Dower can be assigned otherwise than by metes and bounds.

5. DOWER, § 145*—*when dower must be assigned in common.* In cases where the widow is entitled to dower of a part or portion held as tenant in common, the dower must be assigned in common.

6. PARTITION, § 110*—*what provision in order of distribution unwarranted.* Provision in the order of distribution in partition that the master in chancery, after making certain payments, should pay the balance of the proceeds of the sale of the real estate to one of the counsel appearing for one of the parties until certain other litigation should be terminated, *held* unwarranted.

7. PARTITION, § 110*—*master in chancery as custodian of proceeds of sale.* The master in chancery is the person authorized by law to have the custody of the proceeds of the sale of real estate in partition suits until he is authorized to disburse them by a decree of distribution to the parties entitled to them.

8. DIVORCE, § 106*—*when decree for alimony not at variance with recognized principles of law.* A divorce decree, providing for the payment of alimony to the wife after the death of the husband dur-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing her lifetime or until her dower should be assigned and making the payment of such alimony a lien on the husband's real estate, *held*, under the circumstances, not at variance with recognized principles of law.

Appeal from the Circuit Court of McLean county; the Hon. SAIN WELTY, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed July 9, 1919. Rehearing denied October 14, 1919. *Certiorari* denied by Supreme Court (making opinion final).

DE MANGE, GILLESPIE & DE MANGE, for appellant.

STERLING, LIVINGSTON & WHITMORE, for appellee; SIGMUND LIVINGSTON, of counsel.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Logan A. Gridley and Mary G. Bell, by the People's Bank, her conservator, filed their bill to partition certain real estate consisting of certain farm lands in the county of McLean and certain lots located in the City of Bloomington. The bill alleges and the proofs show that each of the complainants was the owner in fee simple of an undivided one-third of said real estate and that John H. Wood, appellee, held the legal title under a deed and the will of Edward B. Gridley, deceased, to the remaining one-third, and that said Wood's undivided one-third was subject to a lien for alimony for the amount of $900 per year after the death of said Edward B. Gridley, payable to Ora Gridley, during her lifetime or until her dower should be assigned to her in the estate of said Edward B. Gridley, and that said Ora Gridley had a dower estate in the undivided one-third owned by said Wood, both said lien and said dower having been decreed to her by the Circuit Court of McLean county in a suit for divorce and alimony in which she was the complainant and said Edward B. Gridley was defendant. Ora Gridley, appellant, filed a cross-bill and from the ab-

stract it does not appear that appellee filed any answer thereto. The property was sold for the sum of $137,-750.77. Appellant was entitled to the value of her dower interest in the undivided one-third of this amount, the sum being appellee's interest therein, and the first contention made by appellant is that the chancellor erred in fixing the amount of her dower in that he figured it at the 4 per cent interest rate under the Carlyle table instead of at the 5 per cent rate. It is complained that the chancellor on his own motion ordered the master in chancery to file a report showing the evidence taken on the question of dower in another suit between the same parties and based his finding of the rate upon such report. Appellant objected to the original order of distribution in which the chancellor found her dower interest and, in her written objections, she prayed the court to consider therewith the testimony theretofore taken in the other suit upon the question of the present value of her dower in the proceeds from the sale of the real estate. The chancellor vacated the original order of distribution on account of the objections filed by appellant thereto and upon reconsideration entered the order of distribution from which this appeal is taken. Appellant cannot now object that the chancellor considered the evidence taken upon this question in the other suit after having specifically requested him to do so.

It is next urged that the chancellor erred in reducing the amount of her alimony in proportion to the amount of the payments of her dower theretofore made to her. The divorce decree provided that $1,800 per year alimony should be paid to her until the death of Edward B. Gridley, and that, after his death, $900 per year should be paid to her until her dower was assigned. The decree also provided that said alimony should be a lien upon the real estate and that said decree for alimony shall be binding upon the heirs, executors and administrators of said Edward

B. Gridley until dower has been assigned to her in the estate of the defendant, owned and possessed by him on the date of the filing of the bill for divorce, unless thereafter otherwise ordered by the court. The decree was modified twice for the purpose of transferring the alimony lien to other described property. The last modification was for the purpose of permitting Edward B. Gridley to procure a loan of $5,000 and, by agreement between the parties, the lien was transferred to the property now in controversy and to which Wood, the appellee, had a deed. To the contract signed by appellant and Edward B. Gridley, providing for the modification of the decree last mentioned, appellee Wood attached the following stipulation which he signed and acknowledged: ''I, the said John H. Wood, holder of the legal title to all of the said real estate described herein consent and agree to the above. In witness, I have hereunto set my hand and seal this 18th day of October, 1909.'' Appellee never attempted to assign any dower, but paid the amount of the alimony to appellant for over two years after the death of Edward B. Gridley at the rate of $900 per year. It appears that appellant, however, received a portion of her dower interest in the real estate, owned by Edward B. Gridley at the time of the divorce decree, through partition of other portions of said real estate, and the chancellor took the view that the amount of her alimony should be reduced pro rata with the prior payments on the value of her dower interest. The divorce decree, in so far as it provided a lien on the real estate for the payment of alimony, was a decree *in rem* and not *in personam*. The decree plainly provides that, until appellant's dower interest is assigned to her in all the lands mentioned, she shall receive $900 per year for her alimony and that the payment of said alimony shall be secured by a lien upon certain real estate then owned by Edward B.

Gridley. She had a right to this alimony until all her dower interest was assigned to her. She was not compelled to receive her dower by piece-meal. It is urged by counsel for appellee that, because the real estate in which appellant claimed dower was held as a tenancy in common, dower could not be assigned by metes and bounds and, therefore, that part of the divorce decree providing for alimony until dower should be assigned could not be fulfilled and was void. Dower can be assigned otherwise than by metes and bounds. "In cases where the widow was entitled to dower of a part or portion held as tenant in common, the dower must be assigned in common." *Hart v. Burch*, 130 Ill. 426. Appellee Wood had a right to assign appellant's dower in common out of his share of the rents derived from the real estate held by him in common with Mary Gridley Belle and Logan A. Gridley. He preferred to pay the amount of the alimony instead of making this assignment. In our opinion, the chancellor erred in pro rating and reducing the amount of appellant's alimony.

It appears that the order of distribution provides that the master in chancery, after making certain payments, shall pay the balance of the proceeds of the sale of the real estate to one of the counsel appearing for appellee until certain litigation shall have been terminated in two other cases, and this is also assigned as error. We have been unable to find any reason which would warrant the taking of these funds out of the hands of the master in chancery and transferring them to the possession of counsel for one of the litigating parties. Part of these moneys belonged to appellant. The master in chancery is the person authorized by law to have the custody of the proceeds of the sale of real estate in partition suits until he is authorized to disburse them by a decree of distribution to the parties entitled to the same.

Appellee has assigned a cross error to the effect that appellant was not entitled to any alimony after the death of Edward B. Gridley. The express terms of the decree provided that alimony should continue after the death of Edward B. Gridley until dower was assigned. The decree was also subsequently modified at the request of Edward B. Gridley in 1903 and a consent decree entered whereby the lien for the payment of the alimony was transferred to other real estate, and again, in 1909, at his request, the lien was again transferred to other property and, in the latter instance, appellant, by his written agreement under seal and acknowledged by him also, consented thereto. The divorce decree under these circumstances is not at variance with the principles of law announced in *Storey v. Storey*, 125 Ill. 608; *Craig v. Craig*, 163 Ill. 184; *Lennahan v. O'Keefe*, 107 Ill. 620.

The cross error is overruled and the decree is reversed and cause remanded at the costs of appellee, Wood, with directions to enter a decree in accordance with this opinion.

*Reversed and remanded with directions.*