(No. 20207.—

ORA GRIDLEY *vs.* JOHN H. WOOD *et al.*—(GUSTAVUS A. BLESCH, Exr., Defendant in Error, *vs.* THE CORN BELT BANK *et al.* Plaintiffs in Error.)

*Opinion filed February 18, 1931—Rehearing denied April 8, 1931.*

SIGMUND LIVINGSTON, (LEDERER, LIVINGSTON, KAHN & ADLER, of counsel,) for plaintiffs in error.

A. E. & R. C. DEMANGE, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here on *certiorari* to review a judgment of the Appellate Court for the Third District affirming a decree of the circuit court of McLean county.

Ora Gridley and Edward B. Gridley were married in 1881 and their marriage continued until October 18, 1902, when she obtained a decree for divorce from him in the circuit court of McLean county and by such decree the court awarded her alimony in the sum of $1800 a year from September 1, 1902, payable $600 on January 1, 1903, and in quarterly installments thereafter. It was further provided that the decree for alimony in case of Gridley's death should be binding upon his heirs, executors and administrators until her dower should be assigned to her in the estate owned by him on the date of filing the bill for divorce unless otherwise ordered by the court, provided that the amount should after his death be at the rate of $900 a year until dower was assigned. Gridley had been during the marriage, and was then, the owner of considerable real estate, including lots 13 and 14 in subdivision of lots 50,

51, 52, 53 and 54 in the original town of Bloomington. The decree provided that the alimony should be a lien, until the further order of the court, on these lots and other described real estate and until Gridley should give a good and sufficient mortgage or a good and sufficient bond to secure the payment of the alimony. On May 2, 1903, Gridley filed his petition in the divorce proceeding for modification of the decree, setting up that he had contracted to sell to John M. Foster certain of the described real estate upon which the decree for alimony was a lien and in which Ora Gridley had an inchoate right of dower, and in his petition he offered to have other property owned by him, of much larger value than the homestead, made subject to the lien of the decree in lieu of the lien on the homestead property, and also to have her inchoate right of dower in the homestead transferred so as to attach to other of his real estate, to the extent of $13,000 in value, in consideration of her release of her inchoate right of dower in the homestead. Gridley filed with his petition, and attached thereto as an exhibit, a written instrument in which it was stated that it was necessary in order that good title might be conveyed to the residence property described in the petition that Ora Gridley execute a quit-claim deed to Foster therefor in order to release the lien of her decree for alimony against such property and also to release her inchoate right of dower in such premises, and in this instrument Gridley agreed that in consideration of the execution of such quit-claim deed the lien of the decree for alimony should be attached to the other real estate owned by him and described in the instrument, not including the premises here in question, and agreed that the lien should be as efficient as against the newly described real estate as if the same had been made in the original decree for alimony. In this instrument Gridley further agreed that in case Ora Gridley should survive him and become entitled to dower in his real estate by reason thereof, the dower interest that she would otherwise be entitled to

in such residence property but for the execution of such quit-claim deed should be attached to his other real estate described in the instrument to the value of $13,000, and that in addition to the dower interest therein which she might have by reason of such survivorship she should have a dower interest in all such real estate to the extent of $13,000 in value. The instrument contained this statement: "It being the true intent and meaning of this stipulation that my interest in said other real estate to the extent of $13,000 in value shall be substituted for the said residence property both as to dower rights and to its full value as to lien of the decree for alimony in favor of the said Ora Gridley, and that this stipulation and agreement shall be binding upon me, the said Edward B. Gridley, and upon my heirs, administrators, executors and assigns." On May 2, 1903, the circuit court of McLean county entered a decree modifying the original decree of divorce in accordance with the prayer of the petition, and incorporated in the modified decree, as a part thereof, the terms and conditions stated in the written instrument attached to the petition.

On October 22, 1909, Edward Gridley again filed a petition in the circuit court of McLean county, in which John H. Wood joined, for a modification of the decrees theretofore entered in the cause, stating that he had contracted to make a trust deed conveying to Sigmund Livingston, as trustee, certain real estate described therein to secure the payment of promissory notes amounting to $5000 and interest, payable five years after date, and that such real estate was by the modified decree encumbered for the payment of the alimony due to Ora Gridley or to become due to her, and that it was necessary in order to procure such loan to have the lien of the modified decree so modified as to exempt such real estate from the lien and to transfer her inchoate right of dower in the real estate described in the petition to other tracts of real estate then owned by

him. The petition further alleged that Gridley and Ora Gridley had entered into an agreement concerning the release of her lien upon the premises described in the petition and the transfer of her inchoate dower interest therein to other lands belonging to him, described in the modified decree, and that he had conveyed all of the real estate described in the petition, and all of the other tracts of real estate belonging to him, described in the decree theretofore entered, to Wood. Attached to the petition was a copy of the agreement signed by Gridley and Wood, in which both Gridley and Wood consented to a modification of the former decree in accordance with the prayer of the petition and the covenants of the agreement. The prayer of the petition was as follows: "Petitioner and the said John H. Wood therefore pray for an order amending the decree and the modified decree in this cause to conform to the prayer of this petition and to conform to the agreement entered into between this defendant and complainant, to which the said John H. Wood agrees and consents." On the same day the circuit court of McLean county entered a modification of the decree in conformity with the prayer of the petition, in which decree the agreement mentioned in the petition, which was signed by both Gridley and Wood and made binding upon their heirs, administrators and executors, was set out *in extenso.* The decree provided that Ora Gridley's lien for alimony be transferred to certain premises described in the decree, including the premises involved in this suit.

Gridley died on January 7, 1914. He paid the alimony fixed by the decree, $1800 a year, during his lifetime. After his death it was paid at the rate of $900 a year to January 1, 1918, since which time no payment was made.

The bill in this case was filed by Ora Gridley on February 6, 1923, in the circuit court of McLean county, against Wood and others, setting up the original decree of the circuit court of McLean county, the modifications thereof based

on the agreements of Gridley and Gridley and Wood; that she then had an inchoate dower only in lots 13 and 14, and that her lien for alimony for the period commencing January 1, 1918, with interest, rests entirely on said lots; that there is now due her five years' alimony at the rate of $900 a year up to January 1, 1923; that Wood has never assigned to her her dower therein, either in gross or in common, and that said lots are improved and that Wood has paid her none of the rents or profits accrued to him therefrom. She prayed that an account might be taken and Wood decreed to pay her whatever sum should be due to her up to the time of the taking of such account, and that in default of such payment the lots in question should be sold, in such manner as the court might direct, to satisfy the sum found to be due her, subject to her dower rights and subject to the alimony which would accrue and not included in the decree entered herein. Wood died testate on May 9, 1923. Carrie E. Wood was the executrix of his will and sole devisee, and after her appointment the bill was amended, substituting her as defendant, individually and as executrix, in his stead. Later a supplemental bill was filed showing the transfer of Wood's title to Herbert Livingston, who held it in trust for the plaintiffs in error, the Corn Belt Bank, the American State Bank and Paul F. Beich, who are Wood's successors in title through a master's deed upon a foreclosure of a mortgage executed by Wood on the premises.

The cause was referred to a master in chancery, who filed his report, and upon a hearing the court entered a decree on March 3, 1928, finding that there was due to the complainant on that date, under the decree and the modified decrees, for alimony, including interest, the sum of $9131.75, and ordered the sale of lots 13 and 14 to satisfy the decree unless payment should be made within five days from its date. Beich and the two banks appealed to the Appellate Court for the Third District, which affirmed the de-

cree. Ora Gridley died testate during the pendency of the cause in the Appellate Court and the executor of her will has been substituted in her place.

The second paragraph of the answer filed by plaintiffs in error alleged that Ora Gridley was not entitled to enforce her lien because she was guilty of *laches* in not having pressed to a conclusion the suit which she commenced in the circuit court of McLean county for the assignment of her dower in the premises involved; that this dower suit had been referred to the master in chancery to take evidence but that no proofs had been taken; that no other action for the purpose of effectuating the assignment of dower had been taken in the suit and that no further proceedings were had except the dismissal of defendants therefrom, which plaintiffs in error claim amounted to a dismissal of the suit. These matters, however, do not constitute legal *laches* on her part and do not bar her right to the lien in question. The statute made it the duty of John H. Wood to assign her dower in the premises in question. The provision of the Dower act is, that "it shall be the duty of the heir-at-law, or other person having the next estate of inheritance or freehold in any lands or estate of which any person is entitled to dower, to lay off and assign such dower as soon as practicable after the death of the husband or wife of such person." (Smith's Stat. 1929, chap. 41, par. 18; *Bonner* v. *Peterson,* 44 Ill. 253; *Warner* v. *Warner,* 235 id. 448.) Wood failed to perform his statutory duty to have dower in the premises assigned, which would have stopped the further accruing of alimony, but apparently preferred to continue the payment of the amounts of accruing alimony to her for over two years after the death of Gridley at the rate fixed by the decree, namely, $900 per year. This is clearly set forth in *Gridley* v. *Wood,* 215 Ill. App. 473. We conclude that the neglect of the duty on the part of Wood in not assigning dower to Ora Gridley is chargeable to all parties who claim under him.

It is contended by plaintiffs in error that under the laws of this State alimony abates upon the death of the husband and it was therefore erroneous for the circuit court to decree the payment of alimony to Ora Gridley after Gridley's death; that where an original bill is filed asking for a decree to carry a former decree into execution the court may look into the original case and see if the former decree is equitable and just, and if it is not, may refuse to enter a decree to enforce and carry it out; that in considering such a case the court in which the second bill is filed will examine the grounds upon which the first decree rests, for the purpose of advising itself as to the justice of the decree before it makes the decree its own by assisting in its execution—citing *Wadhams* v. *Gay,* 73 Ill. 415, and other cases in support of his contention. Those cases and the principles announced therein have no application to the facts of this case. Ora Gridley was not by her bill seeking the aid of a court of chancery to carry into effect a former decree, inoperative by reason of some inherent defect therein, entered by a court at her request. She was not seeking the enforcement of the provisions for alimony contained in the original decree but in her bill was seeking the foreclosure of the lien created upon the premises in question by a decree entered in the circuit court of McLean county on October 22, 1909, at the request of Gridley and Wood, on their petition based on an agreement of the parties and for a valuable consideration, as the result of which she released valuable rights—her inchoate dower in and her lien upon other lands of Gridley and Wood. When the decree of October 22, 1909, was entered the court had jurisdiction of the subject matter and of the persons of Ora Gridley, Gridley and Wood, and even if there was error in the decree it was not void, and the error in the decree was inserted therein at the request of Gridley and Wood, and neither they nor anyone claiming under them can complain thereof. After its rendition Ora Gridley, Gridley and Wood

acquiesced in the provisions of the decree for several years. Parties may acquiesce in an erroneous decision of a court or may have themselves procured it, and in either case they cannot complain of it. *People* v. *Buconich,* 277 Ill. 290; *People* v. *Clements,* 316 id. 282; *McKinnie* v. *Lane,* 230 id. 544; *Glos* v. *Murphy,* 225 id. 58; *Oliver* v. *Oliver,* 179 id. 9; *Smith* v. *Kimball,* 128 id. 583.

There are other reasons why the court cannot in this case consider the collateral attack upon the original decree for divorce, among which are the application of the doctrines of *res adjudicata* and *stare decisis.*

After the death of Gridley, in a suit in McLean county to partition lands owned by Gridley during coverture, to which Ora Gridley and John H. Wood were both parties, the question arose as to whether or not Ora Gridley was entitled to receive $900 a year until all of her dower interest was assigned to her. In its decree the court held that she was entitled to receive the sum of $900 annually until all of her dower interest was assigned to her, but by reason of the fact that she had theretofore received a portion of her dower interest in the real estate owned by Gridley at the time of the divorce decree through partition of other portions of his real estate, the chancellor took the view that the $900 should be reduced *pro rata* with the prior payments on the value of her dower interest. From this decree she appealed to the Appellate Court for the Third District and Wood was the appellee therein. The Appellate Court held that Ora Gridley had a right to receive $900 a year until all of her dower interest was assigned to her and that the circuit court erred in prorating and reducing such amount. In its opinion the Appellate Court said: "Appellee has assigned a cross-error to the effect that appellant was not entitled to any alimony after the death of Edward B. Gridley. The express terms of the decree provided that alimony should continue after the death of Edward B. Gridley until dower was assigned. The decree

was also subsequently modified at the request of Edward B. Gridley in 1903 and a consent decree entered, whereby the lien for the payment of the alimony was transferred to other real estate; and again, in 1909, at his request the lien was again transferred to other property, and in the latter instance appellant by his written agreement under seal and acknowledged by him also consented thereto. The divorce decree under these circumstances is not at variance with the principles of law announced in *Storey* v. *Storey,* 125 Ill. 608; *Craig* v. *Craig,* 163 id. 176; *Lennahan* v. *O'Keefe,* 107 id. 620. The cross-error is overruled and the decree is reversed and cause remanded at the costs of appellee, Wood, with directions to enter a decree in accordance with this opinion." No attempt was made by Wood to review the decision of the Appellate Court.

Exactly this same question arose in the Appellate Court in *Bell* v. *Wood,* 215 Ill. App. 658, being an appeal from a decree of the circuit court of McLean county in a suit to partition other lands owned by Gridley during coverture, where it was held that these questions were *res adjudicata* under the decision of that court in *Gridley* v. *Wood, supra.* Wood applied to this court for a writ of *certiorari.* Copies of all the records and files in those two cases, both in the circuit and Appellate Courts, and including the petition for writ of *certiorari* in *Bell* v. *Wood, supra,* filed in this court, were introduced in evidence in this case. In Wood's petition for *certiorari* he raised every question which is involved in this cause. His petition filed in this court contained the following points and contentions: "Petitioner contends that the amount due subsequent to the death of Edward B. Gridley under the decree for divorce and alimony is not a lien upon the land of petitioner; that the decree provides that alimony due after the death of Edward B. Gridley should be binding upon the heirs, executors and administrators of Edward B. Gridley and omits any provision that the same shall be binding upon the assigns; that the decree for ali-

mony subsequent to the death of Edward B. Gridley does not create a lien on any land because the decree provides that the court have the privilege at any time to change or modify the decree; that the decree, so far as it provides payment of alimony after the death of Edward B. Gridley, is beyond the power of the court and not of binding force or effect; that the court had no jurisdiction to decree payment of alimony to accrue after the death of Edward B. Gridley; that the statute gave respondent all the rights necessary to a speedy assignment of dower and for damage in the event of unnecessary delay; the court had no right by its decree to change the rights of the parties given by the statute; the dower [decree] does not provide that the alimony should be paid by any grantee or assigns of Edward B. Gridley; that the decree, if construed a lien upon the lands conveyed by Edward B. Gridley, would create a penalty, which is contrary to law; that part of the decree which provides for the payment of alimony after the death of Edward B. Gridley does not create a lien; that that part of the decree providing for alimony subsequent to the death of the husband is uncertain, indefinite and is subject to modification and revocation and did not create a lien." The judgment of the Appellate Court was a final adjudication of every question involved herein, and whether or not the original decree for divorce contained erroneous provisions cannot now be inquired into in this collateral proceeding by plaintiffs in error, who are the representatives of Wood.

Every question involved herein having been heretofore adjudicated by the Appellate Court for the Third District in *Gridley* v. *Wood, supra,* and *Bell* v. *Wood, supra,* the judgment of the Appellate Court affirming the decree of the circuit court of McLean county must be affirmed.

*Decree affirmed.*